An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

HINES MASON VONHOLLEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61597

FILED

MAR 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of larceny from the person not amounting to robbery, of a person 60 years of age or older. Second Judicial District Court, Washoe County; Steven R. Kosach, Judge.

Appellant argues that the district court abused its discretion by failing to articulate the sentencing factors mandated by NRS 193.167(3) attendant to the sentencing enhancement available where the victim is 60 years of age or older and abdicated its sentencing duty by simply adopting the Department of Parole and Probation's sentencing recommendation. NRS 193.167(3) identifies five factors the district court must consider in determining the length of the additional penalty for the enhancement. That statute also obligates the district court to articulate on the record that it has considered those factors before imposing a sentence. Because appellant did not object to the sufficiency of the district court's findings with regard to the enhancement, we review for plain error affecting his substantial rights. See NRS 178.602; Mendoza-Lobos v. State, 125 Nev. 634, 636 n.1, 644, 218 P.3d 501, 503 n.1, 507 (2009) (concluding that defendant who failed to object to sufficiency of district

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07625

court's findings related to NRS 193.165 (weapons enhancement), which required district court to consider factors similar to NRS 193.167(3), would be granted relief only upon showing of plain error). Here, the district court did not expressly indicate that it considered the mandated factors but was aware of the facts and circumstances of the crime and appellant's extensive criminal history. The district court heard argument that appellant suffered physical, mental, and sexual abuse as a child and struggles with substance abuse problems. Although there is no mention of the impact of the crime on the victim, counsel argued that appellant understood that his crime was perpetrated on an elderly victim. And appellant expressed his remorse for the crime, which the district court considered sincere. Although the district court did not strictly follow the requirements of NRS 193.167(3), considering the record as a whole, we conclude that appellant failed to demonstrate plain error. We further conclude that appellant failed to show that the district court abdicated its sentencing responsibility. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.       _____, J.
Douglas                                         Saitta

cc:    Second Judicial District Court Dept. 8
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

